**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RUTLEDGE INVESTMENTS, LLC,** | * | **CIVIL ACTION NO. 2:21-CV-00364** |
| *Plaintiff,* | * | |
| | * | **JUDGE JAMES D. CAIN, JR.** |
| | * | |
| **VERSUS** | * | **MAGISTRATE JUDGE KAY** |
| | * | |
| **SCOTTSDALE INSURANCE COMPANY** | * | |
| *Defendant* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO MOTION FOR PARTIAL**
**SUMMARY JUDGMENT RELATIVE TO CLAIM**
**FOR PENALTIES UNDER LA. R.S. 22:1973**

Complainant, Rutledge Investments, LLC, owns a commercial building located in Lake Charles, Louisiana. Defendant, Scottsdale Insurance Company, provided wind and hail insurance covering that building. On August 27, 2020, Hurricane Laura struck the Lake Charles area, extensively damaging the building owned by complainant and insured by defendant. This litigation arises out of the first party insurance claim made by complainant against defendant.

In its petition, complainant seeks to recover as damages the amount due under the terms and conditions of the policy to pay for the damages caused to the building. In addition, complainant has brought a claim for penalties and attorney fees under both *La. R.S. 22:1973* and *La. R.S. 22:1982*. Defendant has filed a motion for summary judgment regarding the claim for penalties under *1973*, and a motion for summary judgment regarding the claim for penalties and attorney fees under *1892*. This memorandum is presented in opposition to the motion for partial summary judgment relative to the claims under *La. R.S. 22:1973*.

## I.  GOOD FAITH AND FAIR DEALING

*La. R.S. 22:1973(A)* provides as follows:

> An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

In the memorandum supporting its motion for summary judgment relative to *1973*, Scottsdale references and discusses two of the prohibitions listed in *1793(B)*. Apparently, defendant is under the incorrect belief that one or more of the prohibitions must be breached in order for penalties to be due under *1793(C)*. That would be correct if this was a third-party claim, however, this is a first party claim of an insured against the insurer.

In *Kelly v. State Farm Fire & Cas. Co.*, 2014–1921, 169 So.3d 328, 336–37, 2015 WL 2082540, at *7 (La.5/5/15), the Louisiana Supreme Court held that "…an insured's cause of action for a breach of the implied covenant of good faith and fair dealing is not limited to the prohibited acts listed in *La. R.S. 22:[1973](B)*." This holding was explained by the U.S. Fifth Circuit in *Century Sur. Co. v. Blevins*, 799 F.3d 366, 371 (5th Cir.2015) as follows:

> In *Kelly* [*supra*] the Louisiana Supreme Court extended the logic of *Theriot* [*Theriot v. Midland Risk Ins. Co.*, 95-2895 (La. 5/20/97); 694 So.2d 184] and held that "an insured's cause of action for a breach of the implied covenant of good faith and fair dealing is not limited to the prohibited acts listed in La. R.S. 22:[1973](B)." *Id*. The difference between the third parties in *Theriot* and the insureds in *Kelly* is that the third parties' right to bring causes of action against insurers was created by *§ 1973*, whereas insureds' right to bring a cause of action for breach of the duty of good faith and fair dealing preceded *§ 1973*. [*Citations omitted*]

Defendant cites the case of *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So.2d 1012, 1020 (La. 2003), in support of its argument that the insurer must be found to be "arbitrary

and capricious," in order for penalties under *1973*. Reed was a UM case, with the only allegation being that the insurer failed to comply with *1973(B)(5)* [then *La. R.S. 22:1220(B)(5)*]. The Court noted both *1973(B)(5)* and 1892 [then *La. R.S. 22:658*] require proof that the defendant acted in an arbitrary or capricious manner for penalties to be due. The Court then goes on to discuss what is required in order for the insurer to be found to be arbitrary or capricious in failing to make an adequate tender within the prescribed time limits.

In *Reed*, the Louisiana Supreme Court does notes:

> The legislature specifically used the terms "good faith" and "fair dealing" in *LSA–R.S. 22:1220*, but not in *LSA–R.S. 22:658.9* In that respect, LSA–R.S. 22:1220 restates that which is already stated in the civil code. "Contracts must be performed in good faith." *LSA–C.C. art.1983.10* The statutes, *LSA–R.S. 22:658* and *LSA–R.S. 22:1220,11* impose specific consequences if the insurer's actions do not conform to the obligations imposed therein. [857 So.2d at 1022][1]

Probably because the issue was not before it, the Court did not discuss the differences between an insurer acting in "good faith" and "fair dealing" and an insurer acting in an "arbitrary" or "capricious" manner. Obviously, there is a difference between those standards, with "arbitrary" or "capricious" being the higher standard.[2]

---

[1] The Louisiana Supreme Court discussed the relationship between 1973 and the Civil Code articles relative to "good faith" in detail in *Wegener v. Lafayette Ins. Co.*, 2010-0810, p. 9 (La. 3/15/11); 60 So.3d 1220, 1227. The Court held that the statutory duty of "good faith" is separate from the Civil Code duty of contractual "good faith." The Court went on to explain: "The Wegeners sought mental anguish damages specifically for Lafayette's actions in failing to timely and fairly adjust their claim. Further, the statute is worded to permit "any general or special damages" with no limitation or additional requirement other than the breach of duty by the insurer. Thus, we find the trial court's Jury Instruction relative to mental anguish damages, requiring proof of an intent to aggrieve the plaintiffs before damages could be awarded, contained legal error." [60 So.3d at 1230]

[2] It is hardly surprising that the legislature would apply a different standard when insurers are dealing with insureds rather than third parties. Insurers obviously have a much higher duty when dealing with insureds.

In **Kelly** (*supra*) the Louisiana Supreme Court, in response to certified questions from the U.S. Fifth Circuit, discussed **La. R.S. 22:1973** in detail. It should be noted that in discussing the obligation of "good faith" and "fair dealing" the Court at no point required proof that the insured acted in an "arbitrary" or "capricious" manner. In comparing the relationship between insurers and third-party claimants to insurers and insureds, the Court explained that insurers must "carefully consider not only its own self-interest, but also its insured's interest, citing **Smith v. Audubon Ins. Co.**, 95-2057 (La. 9/5/96); 679 So.2d 372, 376. In **Smith**, the Supreme Court explained that "...the determination of whether the insurer acted in bad faith turns on the facts and circumstances of each case," and that the determination of "bad faith" is very fact intensive. [679 So.2d at 377][3]

Defendant, Scottsdale, has significantly misstated the law and jurisprudence of Louisiana with regard to **La. R.S. 22:1973**. In deciding whether the insurer breached its duty of "good faith" and "fair dealing" when evaluating the claim in this case the jury does not have to conclude that the failure was "arbitrary" or "capricious." Instead, the jury is entitled to consider all of the facts and circumstances in deciding whether Scottsdale handled this claim in a manner consistent with its duty of "good faith" and "fair dealing."

Even if plaintiff was required to establish that Scottsdale was "arbitrary" or "capricious" in order to recover under **1973**, defendant would nonetheless not be entitled to a summary judgment. In **Reed** (*supra*) the Louisiana Supreme Court cited the case of **Mader v. Babineaux**, 526 So.2d 505, 508 (La.App. 3 Cir.1988) with approval. In that case, the

---

[3] The Louisiana Supreme Court has long recognized that "...it is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. **Penalber v. Blount**, 550 So.2d 577, 583 (La.1989) [Citation omitted]

4

Louisiana Third Circuit reversed a judgment finding the UM insurer to not have been arbitrary or capricious.  The Third Circuit found the insurer to have been arbitrary because it did not obtain a medical opinion to counter the evidence put forth by the plaintiff.

In this case, Scottsdale had an "independent" adjuster evaluate the damages to plaintiff's building, and then further adjusted that evaluation, concluding that it would take $215,020.20 to complete repairs.  The independent adjuster had concluded that the total replacement cost was $244,178.93, almost $30,000 more than the desk adjuster allocated to pay for repairs.[4] On December 18, 2020, defendant increased its estimate of the replacement costs from $215,020.20 to $294,749.83.

Now, on the eve of trial, and in response to this litigation, Scottsdale has had an outside firm, SED Services, evaluate the competing estimates in this case, and render an opinion as to the replacement costs.[5]  After reviewing the information provided SED's representative, Michael Carbo, concluded that the cost of repairs is $362,046.97, which is considerably more than the $215,020 estimated originally as replacement costs.

A reasonable jury could certainly consider this information, along with the other testimony and documents in this case and conclude that the original underestimate was more a negotiating position than a fair estimate. A reasonable jury could easily find that, considering the conflicting estimates, an outside firm should have been retained to resolve the conflict in estimates as a much earlier date. An insurer does not comply with its duty to act in "good faith" and "fair dealing" by waiting until litigation is filed, a mediation held, and a trial scheduled to have an outside firm review the estimates and render a report.

---

[4] Defendant's Exhibit "C," page SIC 2249, note dated 10/2/20.
[5] Defendant's Exhibit "K"

Defendant, Scottsdale, is not entitled to a summary judgment on whether it complied with the duty of "good faith" and "fair dealing" imposed by *La. R.S. 22:1973*. Plaintiff is entitled to present this matter to a jury, and have the jury consider all of the facts and circumstance in deciding whether defendant complied with those duties.

## II.  DAMAGES

Defendant argues that if there are no damages caused by a breach of La. R.S. 22:1973, there can be no recovery of any penalty. This is a misstatement of Louisiana law. In Burley v. New York Life Ins. Co., 2015-263, p. 13 (La.App. 3 Cir. 11/25/15); 179 So.3d 922, 933, the Court stated:

> The Louisiana Supreme Court has recognized that proof of actual damages is not a prerequisite to the recovery of penalties. *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 03–360 (La.12/3/03), 860 So.2d 1112. However,

> The amount of penalties to be awarded is not ... based upon the amount of the damages claimed ... but the amount of damages sustained by the breach. If there are no damages proven as a result of the breach itself, then the maximum amount that can be awarded is $5,000.00 in penalties. [*Citations omitted*]

Complainant, Rutledge Investments, acknowledges that an LLC cannot recover mental anguish. In *Levy v. Hard Rock Constr. of Louisiana, LLC*, 2020-0459, p. 5 (La.App. 4 Cir. 12/9/20); 312 So.3d 641, 644, the Court recognized the above, but went on to note that there are other damages available to a corporation, such as damages for severe inconvenience. Without doubt, complainant has been severely inconvenienced and forced to delay repairs to its building due to defendant's failure to fairly adjust the costs of repairs.

## IV.  SUMMARY JUDGMENT STANDARD

As this Court recently noted in *Chevalier v. Circle K Stores, Inc.*, 2:21-CV-01819, 2021 WL 6127416, at *1 (W.D. La. Dec. 28, 2021)

6

> A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. [*Citations omitted*]

Further, this is not the first motion for summary judgment this Honorable Court has considered arising out of Hurricanes Laura and Delta. It doubtless will not be the last.

In ***Pentecostal Church of DeQuincy v. Church Mut. Ins. Co***, 2:19-CV-01656, 2021 WL 3926118, at *2 (W.D. La. Sept. 1, 2021), this Court considered a motion for summary judgment on penalties and attorney fees. In denying that motion, and finding that this is an issue to be determined by the jury, this Court noted:

> Louisiana courts have determined that "the arbitrary and capricious aspect of the bad-faith penalty inquiry requires a factual finding of the reasonableness of the dispute, i.e., a reasonable defense, as well as finding that the insurer acted in good faith in its reliance upon that reasonable defense." ***Thibodeaux v. Arvie***, 226 So.3d 1229, 1235 (La.App. 3 Cir. 8/31/17), *writ denied*, 228 So.3d 1207 (La. 10/27/17); see also ***Sacks v. Allstate Propr. & Cas. Ins. Co.***, 2017 WL 4791179, at *4 (E.D. La. Oct. 24, 2017).[6]

The issue in this case is whether Scottsdale tendered a reasonable amount in its first tender and subsequent tenders, and whether those tenders were timely. There are material facts at issue in this matter which should be weighed and determined by the jury. If Scottsdale is found by the jury, after considering all of the evidence and making credibility determinations, that Scottsdale acted in an arbitrary and capricious manner in that regard, penalties and attorney fees are due.

---

[6] ***Thibodeaux v. Arvie*** (supra) was a UM case, where the insurer argued that there was a reasonable dispute. The Louisiana Third Circuit approved the denial of the motion for summary judgment, noting that the bad faith determination requires a fact finding of reasonableness, and that this is a "fact-intensive inquiry herein is not ripe for resolution on summary judgment."

7

**CONCLUSION**

Scottsdale is not entitled to a summary judgment dismissing plaintiff claim for penalties under *La. R.S. 22:1973*. Plaintiff is entitled to have this matter heard by a jury, with the jury deciding whether defendant breached its duties of good faith and fair dealing when handling this claim.

Respectfully submitted:

**HOFFOSS DEVALL, LLC**

 /s/ Claude Devall
CLAUDE DEVALL (29148)
Email: tclaude@hdinjurylaw.com
J. LEE HOFFOSS, JR. (29254)
Email: lee@hdinjurylaw.com
DONALD W. MCKNIGHT (10042)
Email: don@hdinjurylaw.com
D. COOPER FOURNET (34549)
Email: cooper@hdinjurylaw.com
MAX E. GUTHRIE (32487)
Email: max@hdinjurylaw.com
517 West College Street
Lake Charles, Louisiana 70605
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
COUNSEL FOR PLAINTIFFS,
RUTLEDGE INVESTMENTS, LLC
AND BRADY RUTLEDGE

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.


_____/s/ Claude Devall_____
**CLAUDE DEVALL**