**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RUTLEDGE INVESTMENTS, LLC,** | * | **CIVIL ACTION NO. 2:21-CV-00364** |
| *Plaintiff,* | * | |
| | * | **JUDGE JAMES D. CAIN, JR.** |
| | * | |
| **VERSUS** | * | **MAGISTRATE JUDGE KAY** |
| | * | |
| **SCOTTSDALE INSURANCE COMPANY** | * | |
| *Defendant* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**STATEMENT OF CONTESTED FACTS WITH REGARD DEFENDANT'S**
**MOTIONS FOR SUMMARY JUDGMENT RELATIVE**
**TO LA. R.S. 22:1973 AND LA. R.S. 22:1892**

**NOW INTO COURT**, through undersigned counsel, comes Complainant, **RUTLEDGE INVESTMENTS, LLC**, who with respect submits that the following facts are contested with regard to the motion for summary judgment filed by defendant, **SCOTTSDALE INSURANCE COMPANY**, with regard to the claim for penalties and attorney fees under *La. R.S. 22:19[1]73* and *La. R.S. 22:1892*, to wit:

I.

**RUTLEDGE INVESTMENTS, LLC** owns a commercial building located in Lake Charles, Louisiana. defendant, **SCOTTSDALE INSURANCE COMPANY**, provided wind and hail insurance covering that building. On August 27, 2020, Hurricane Laura struck the Lake Charles area, extensively damaging the building owned by complainant and insured by defendant. [Complainant's Petition, hereby introduced by reference];

---

[1] Because of the relationship between La. R.S. 22:1973 and 22:1892, plaintiff is submitting one Statement of Facts with regard to both Motions for Partial Summary Judgment. When "Defendant's Exhibits" are referred to herein, the reference is to submitted with regard to the Motion relative to *La. R.S. 22:1973*.

2.

On September 7, 2020, AllCat Claims Service, the independent adjuster retained by Scottsdale, inspected the property, and prepared an estimate of the scope and cost of repairs. Scottsdale received the independent adjuster's estimate on September 13, 2020. The independent adjuster, AllCat, found the replacement cost value to be $244,178.93. [Defendant's Exhibit "C," SIC 2252 and 2247-2249];

3.

On October 5, 2020, defendant received a copy of the estimate of $518,415 prepared by complainant's contractor, Buquet & Leblanc, Inc. [Complainant's Exhibit "A," the estimate of Buquet & Leblanc] The deposition of the representative of Jake Mayo, the representative of Buquet & Leblanc, has been taken in this matter. [Defendant's Exhibit "D"] Jake Mayo has a degree from Louisiana State University in Construction Management. [*Id*, pgs. 7-8]. He was a project manager with Buquet & Leblanc for over 16 years before becoming Vice President in about 2014. [*Id.*, pgs. 11 and 14] He is experienced in preparing estimates, and Buquet & Leblanc also has two dedicated estimators. [*Id.*, pgs. 12 and 10] At the conclusion of his deposition, Mr. Mayo testified that after the deposition and his review of the documents he stands by his estimate of $518,415 in this case. [*Id.*, pg. 147]

4.

Jake Mayo who is with Buquet & Leblanc and worked on this project has also been deposed in this case [Complainant's Exhibit "B"] Mr. Liles has a degree received a degree in 1995 from Auburn University in building science and holds multiple state licenses for contractors. [*Id.*, pg. 7] Prior to becoming President of Buquet & Leblanc he was Vice

President of Estimating, and prior to that was an estimator. [*Id.*, pg. 9] He testified that he was in agreement with everything that Jake Mayo testified to relative to this project and estimate. [*Id.* pg. 13]

5.

The adjuster for Scottsdale received both the estimate from its independent adjuster, AllCat, and the estimate from Buquet & Leblanc prior to making the first tender of $175,513.81, which was based upon a replacement cost estimate of $215,020.20. The first tender was made on or about October 12, 2020. [Defendant's Exhibit "C," pgs. 2245 and 2247-2248] There are material issues of fact with regard to why the adjuster reduced the replacement cost estimate to $215,020 despite have received two estimates with higher replacement costs estimates, and whether the $215,020.20 estimate was reasonable, and whether Scottsdale was arbitrary and capricious in how it handled this claim.

6.

On December 23, 2020, Scottdale issued a supplemental tender of $98,378.73 based upon an estimate of replacement cost of $294,749.83. [Defendant's Exhibits "G," and "C" at pg. 2240] There are material issues of fact with regard to why the adjuster waited until December 23, 2020 to make a second tender despite having sufficient information to make a supplemental tender more than 60 days prior to December 23, 2020. There are also material issues of fact relative to why the adjuster only increased the replace cost estimate to $294,749.83, and whether that increase was reasonable, arbitrary and capricious.

7.

Defendant, Scottsdale, has made no other tenders in this matter. Recently, approximately 16 months after Hurricane Laura struck, Scottdale hired an outside expert,

SED Services, Inc., to review the estimates in this matter and render a report. On December 15, 2021, Michael Carbo, a construction professional with SED Services who has 35 years of experience, issued a report. [Defendant's Exhibit "K"] At the conclusion of his report, Mr. Carbo concluded that "362.046.97 is a reasonable value of the cost of repair based on my observations of the documents produced in this matter." [*Id.*, pg. 9 of report] The Scottdale adjuster had the same documents as those reviewed by Mr. Carbo and used the same computer program in preparing estimates. There are material issues of fact as to whether the Scottsdale's adjuster's estimates were reasonable considering that they are significantly less than the estimate of the outside estimator it retained, and whether defendant was arbitrary and capricious. There are also material issues of fact as to why Scottdale waited until the "eve of trial" to have its outside expert render a report relative to what is a reasonable estimate of the costs of repairs.

8.

In addition to the above, there are material issues of fact as to the manner in which Scottdale handled this claim, communicated with the insured, the contractor, and otherwise conducted its investigation into this claim.

**WHEREFORE, RUTLEDGE INVESTMENTS, LLC, PRAYS** that the Motions for Partial Summary Judgment filed by Scottsdale Insurance Company be denied.

**{SIGNATURES ON NEXT PAGE}**

Respectfully submitted:

**HOFFOSS DEVALL, LLC**


  /s/ Claude Devall
CLAUDE DEVALL (29148)
Email: tclaude@hdinjurylaw.com
J. LEE HOFFOSS, JR. (29254)
Email: lee@hdinjurylaw.com
DONALD W. MCKNIGHT (10042)
Email: don@hdinjurylaw.com
D. COOPER FOURNET (34549)
Email: cooper@hdinjurylaw.com
MAX E. GUTHRIE (32487)
Email: max@hdinjurylaw.com
517 West College Street
Lake Charles, Louisiana 70605
Telephone: (337) 433-2053
Facsimile: (337) 433-2055
COUNSEL FOR PLAINTIFFS,
RUTLEDGE INVESTMENTS, LLC
AND BRADY RUTLEDGE


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.


          /s/ Claude Devall
               **CLAUDE DEVALL**