UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUTLEDGE INVESTMENTS L L C ET AL**   **CASE NO. 2:21-CV-00364**

**VERSUS**   **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**   **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment to Dismiss Plaintiff's Hurricane Delta Claims" (Doc. 32) wherein Defendant Scottsdale Insurance Company ("Scottsdale") moves to dismiss Hurricane Delta claims for damages to the shed and fence because there is no coverage under the Policy. Scottsdale moves to dismiss Hurricane Delta claims for building damage under the Policy and claims for bad faith penalties.

## FACTUAL STATEMENT

This suit arises from a property insurance claim following Hurricanes Laura and Delta. This motion relates only to Rutledge's claims for property damage as a result of Hurricane Delta. On October 9, 2020, Hurricane Delta hit Lake Charles, Louisiana. Plaintiff, Rutledge Investments, LLC ("Rutledge") asserted a Delta claim on October 11, 2020, under its policy with Scottsdale for property damage to a commercial building. The policy is subject to a $525,442 limit and has a 2% wind deductible, or $10.,508.84. On October 14, 2022, Scottsdale retained an adjuster (the "Scottsdale adjuster") to investigate the claim. The Scottsdale adjuster inspected the property and issued a report noting "evidence of wind caused damage[] consistent with the facts reported, and which appear

to be different than wind damage reported" from Hurricane Laura.[1] The cost to repair the wind damage to the wall paneling per the estimate is $732.75.[2] Rutledge does not dispute this amount.[3]

On November 16, 2020, the desk adjuster contacted Rutledge to discuss the Hurricane Delta claim investigation.[4] The Activity Log reflects that Plaintiff's representative advised the desk adjuster he did not believe that fencing was covered under the Policy. Rutledge's representative also acknowledged that the desk adjuster would be sending a coverage denial letter for the Hurricane Delta claims.

On November 17, 2020, the desk adjuster sent Rutledge the denial letter which informed Rutledge that the claims for damage to the shed and fence were denied because no limit of insurance is included on the policy declarations page for these structures, and the damage to the wall panels did not exceed the wind deductible. Thus, no money was owed under the policy.[5] As to the structures, the policy provides as follows:

> **A. Coverage.**
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> **1. Covered Property**
> Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.** Property Not Covered, *if a Limit of Insurance is shown in the Declarations for that type of property.*

---

[1] Defendant's exhibit C, AllCat report, SIC_1563.
[2] Defendant's exhibit G, SIC Estimate.
[3] Doc. 41. p. 2.
[4] Defendant's exhibit B, SIC, Activity Log, SIC_02639.
[5] Defendant's exhibit D, SIC_1533; *see also* Defendant's exhibit B, Activity Log, SIC_02639.

> a. **Building**, meaning the building or structure described in the Declarations, including:
> (1) Completed additions;
> (2) Fixtures, including outdoor fixtures;
> (3) Permanently installed:
> (a) Machinery; and
> (b) Equipment;
> (4) Personal property owned by you that is used to maintain or service the building or structure or its premises[.][6]

There is no Limit of Insurance for the fence or the shed on the Policy Declarations page.[7] The policy defines "Covered Property" as excluding fences:

> Covered Property does not include:
> q. The following property while outside of buildings:
> (2) Fences … all except as provided in the Coverage Extensions.[8]

The Coverage Extension provision provides in relevant part:

> **e. Outdoor Property**
> You may extend the insurance provided by this Coverage Form to apply to your outdoor fences, … including debris removal expense, caused by or resulting from any of the following causes of loss if they are Covered Causes of Loss;
> (1) Fire;
> (2) Lightning;
> (3) Explosion;
> (4) Riot of Civil Commotion; or
> (5) Aircraft.[9]

The damage to Rutledge's fence was caused by wind, which is not a Covered Cause of Loss under this provision. Rutledge does not dispute this, and its

---

[6] Defendant's exhibit A, Policy, SIC_0064 (emphasis added).
[7] *Id.*, SIC_0094.
[8] *Id.*, SIC_0066.
[9] *Id.*, SIC_0071.

representative testified in his deposition that Rutledge was not making a claim under the policy for damage to the shed and fence.[10]

The Wind deductible provision provides as follows:

> **d. Deductible**
> **1.** In any one occurrence of loss or damage to covered property by wind or hail (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agree Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss…[11]

The wind deductible is $10,508.84 and the covered wind damage to the wall panels is $732.75.[12]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This

---

[10] Plaintiff's opposition, p.2, fn.2. Doc. 41; Defendant's exhibit F, 30(b0(6) Deposition of Rutledge. pp. 88-89..
[11] Defendant's exhibit A, SIC_0097.
[12] *Id.*; Defendant's exhibit G, SIC Estimate.

requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

In is opposition to Scottsdale's Motion for Partial Summary Judgment,[13] Rutledge does not oppose this motion.

## **CONCLUSION**

Because the relevant policy provisions do not provide coverage under the policy for damage to the fence and shed, and because the damage to the building is less than the deductible, Rutledge's claims for damage to the fence, shed, and building will be dismissed. Furthermore, as to the Delta claim, because Scottsdale has satisfied its

---

[13] Doc. 41.

obligations under the policy, any breach of contract claim for the Delta claims will be dismissed including any bad faith penalties under either Louisiana Revised Statute 22:1892 or 1973, solely for the Delta claim.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of February, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**