**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**RUTLEDGE INVESTMENTS L L C ET AL**   **CASE NO.  2:21-CV-00364**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**                **MAGISTRATE JUDGE KAY**

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine [Doc. 73] filed by Scottsdale Insurance Company ("Scottsdale"), to exclude Plaintiff's contractor estimate provided to Defendants on February 18, 2022. Plaintiff Rutledge Investments, LLC ("Rutledge") opposes the motion [Doc. 78].

**BACKGROUND**

Plaintiff Rutledge owns a commercial building located at 3670 Opelousas St. Lake Charles, La. Doc. 1 *Complaint against Scottsdale Insurance Co.* Defendant Scottsdale provided a policy of insurance, number CPS7059221, that covered the Plaintiff's commercial building. On August 27, 2020, Hurricane Laura struck the Lake Charles area, damaging the building owned by the plaintiff and insured by the defendant. *Id;* Doc. 78 *Memorandum in Opposition to Motion to Exclude Contractor Estimate.* This litigation arises out of the first party insurance claim made by Rutledge against Scottsdale. *Id.*

This matter was previously set for trial beginning February 28, 2022, but was continued and a new trial date has not been set as of this time. Prior to the continuation of

the trial, Scottsdale filed this Motion to Exclude the updated contractors estimate relative to the costs of hurricane related repairs to Rutledge's building.

## LAW AND ANALYSIS

### a. *Governing Law*

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017).

### b. *Application*

Defendant Scottsdale argues that Plaintiff Rutledge provided the updated estimate on February 18, 2022, ten days before trial, and for expedited consideration. Doc. 73 *Motion and Incorporated Memorandum to Exclude Untimely Contractor Estimate*. Scottsdale further argues that Rutledge's attempts to use a new contractor estimate is tantamount to a "trial by ambush." *Id.*

Scottsdale asserts that in September 2020, after Hurricane Laura, Rutledge's contractor prepared an estimate of the repair costs, which, Rutledge has relied on throughout this litigation, totaling $518,000. *Id.* Scottsdale argues that the revised estimate should be excluded as it was provided in February 2022, and the deadline to submit exhibits was January 31, 2022. Scottsdale avers that they will be prejudiced by Rutledge's use of a revised repair estimate at trial. *Id.*

Rutledge argues that the revised repair estimate should not be excluded as it was prepared in the normal course of the construction process. Doc. 78 *Memorandum in Opposition to Motion to Exclude Contractor Estimate.* Rutledge argues that a scheduling order can be modified when good cause exists and cites to this Court's explanation in *Guillory v. United States*, 2:19-CV-01275, 2021 WL 3014761, at * 2 (W.D. La. July 15, 2021).

> The court considers the following factors to determine whether good cause exists: (1) the explanation for the delay; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice [*citations omitted*]

Rutledge provides and explanation for the delay and states that after the storm Buquet & LeBlanc ("B&L"), a construction contracting firm prepared an estimate for the repair of their building. The B&L estimate was for $518,415, which was considerably more than the $215,020 estimate later prepared by the Scottsdale adjuster. Doc. 78 *Memorandum in Opposition to Motion to Exclude Contractor Estimate.* A year later on December 15, 2021, Scottsdale had its estimates and the estimates prepared by B&L, with supporting documents, reviewed by an outside expert, Michael Carbo. *Id.*

After reviewing the Carbo estimate, Scottsdale tendered an additional payment of $67,297.14, and Rutledge requested an updated bid from B&L which was received on February 17, 2022. Rutledge argues that this revised estimate is important because the remaining disagreements to be resolved by the jury are the costs of having the work done which is encompassed by the scope of the work to be performed, and whether Scottsdale was in bad faith.

Rutledge further argues that there is no adverse effect on Scottsdale because this matter has been continued for unrelated reasons. As such, Rutledge asserts that there is no "trial by ambush."

The Court notes the explanation for the delay and is persuaded by Rutledge's argument that the revised repair estimate is relevant to the scope of the work to be performed. The Court further agrees that the Defendants will not be prejudiced by the updated bid because the trial was continued for unrelated reasons and that the updated bid will allow the parties to present the most accurate information to the jury relative to the cost of repairs.

Accordingly,

**IT IS ORDERED** that Defendant's Motion in Limine to Exclude Untimely Contractor Estimate [Doc. 73] is **DENIED.** The Court's ruling on Defendant's objections to Plaintiff's revised repair estimate are addressed above.

**THUS DONE AND SIGNED** in Chambers on this 21st day of March, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE