UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUTLEDGE INVESTMENTS L L C ET AL**     **CASE NO. 2:21-CV-00364**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment to Dismiss La. R.S. 22:1892 Bad Faith Claim Related to Hurricane Laura" (Doc. 33) filed by Defendant Scottsdale Insurance Company ("Scottsdale"). Scottsdale maintains that Plaintiff Rutledge Investments, LLC cannot show the required elements of its claim under the bad faith statute.

## FACTUAL STATEMENT

This lawsuit involves claims by Rutledge for damage to its property as a result of Hurricanes Laura and Delta. The Rutledge property is insured by Scottsdale. The following is an undisputed relevant timeline:

- August 27, 2020 – Hurricane Laura struck;
- August 29, 2020 – Scottsdale makes initial contact with insured;[1]
- September 3, 2020 – Scottsdale issues $5,000 advance payment;[2]
- September 7, 2020 – Scottsdale retains AllCat Service (Scottsdale adjuster);[3]

---

[1] Defendant's exhibit F, SIC Activity Log, SIC_2253-2254.
[2] *Id*. SIC_2252.
[3] *Id*.

- September 13, 2020 – Scottsdale receives AllCat report. Scottsdale adjusts the estimate to accurately apply Rutledge's policy coverages;[4]

- October 5, 2020 – Rutledge submits a "budget estimate" from its contractor with no supporting documentation for $518,415.;[5]

- October 7, 2020 – Scottsdale retains a structural engineer to inspect potential structural damage;[6]

- October 9, 2020 – Scottsdale advises Rutledge that there are disputes between the contractor and the AllCat estimate, and that Scottsdale will issue payment on the undisputed claim.[7]

- October 12, 2020 – Scottsdale issues payment of $175,513, which represented the undisputed actual cash value less the deductible (of $10,508) and prior payment (of $5,000).[8] This payment was made within 30 days of AllCat estimate.

- November 6, 2020 – Scottsdale contacted Rutledge's contractor to resolve difference in estimates.[9]

- December 18, 2020 – Scottsdale reviewed structural engineer report and supporting documents provided by the contractor for roof work. Scottsdale updated its estimate based on the new information.[10]

- December 22, 2020 – Scottsdale issued supplemental payment of $98,378.73.[11] This payment was made within 30 days of receipt of the engineer report.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[4] *Id*., SIC_2251.
[5] *Id*., SIC_2245; Plaintiff's exhibit A attached to Opposition to Motion for partial Summary Judgment [Doc. 34], Doc. 39-2
[6] *Id.*, SIC_2247.
[7] *Id.*, SIC_2245-2246.
[8] *Id.*
[9] *Id*., SIC_ 2242-2243.
[10] *Id.*, SIC_2240, 2260 and Doc. 33, Exhibit I, Scottsdale estimate, SIC_0671-0693.
[11] Doc. 33, Defendant's exhibit F, SIC, Activity Log, SIC_2524.

as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Rutledge alleges that Scottsdale was in bad faith in handling its claim by failing to timely and adequately compensate it for damages. Plaintiff asserts that Scottsdale received satisfactory proof of loss upon its initial inspection of the building, and again upon receipt of Plaintiff's contractor estimate totaling $518,415.

Rutledge argues that there are genuine issues of material fact as to why Scottsdale's adjuster reduced the replacement cost estimate to $215,020 despite having received two estimates with higher replacement costs estimates, and whether the $215,020 estimate was reasonable. Rutledge asserts that on December 23, 2020, Scottsdale issued a supplemental tender of $98,378.73 based on an estimate of replacement cost of $294,749.83.[12] Rutledge maintains that there are material issues of fact for trial with regard to why the adjuster waited until December 23, 2020, to make a second tender despite having sufficient information to make a supplemental tender more than 60 days prior to December 23, 2020, and why the adjuster only increased the replacement cost estimate to $294,749.83.

Rutledge asserts that on December 15, 2021, Michael Carbo, a construction professional issued a report and concluded that $362,046.97 is a reasonable value of the cost or repair.[13] Mr. Carbo used the same computer program as the Scottsdale adjuster in preparing the estimate. Rutledge maintains that there is a genuine issue of material fact for

---

[12] Defendant's exhibits G and C.
[13] Defendant's exhibit K, attachment, p.7.

trial as to whether the Scottsdale adjuster's estimate was reasonable considering that it was considerably less than the estimate of the outside estimator it retained.

Thus, Rutledge maintains that there is a genuine issue of material fact for trial as to whether Scottsdale was arbitrary and capricious in how it handled this claim. The Court agrees with Rutledge.

## CONCLUSION

For the reasons set forth herein, the Court finds that there are genuine issues of material fact for trial as to Scottsdale's handling of the claims. As such, the Court will deny Scottsdale's Motion for Partial Summary Judgment to Dismiss La. R.S. 22:1892 Bad Faith Claim Related to Hurricane Laura (Doc. 33).

**THUS DONE AND SIGNED** in Chambers this 26th day of August, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**