UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUTLEDGE INVESTMENTS L L C ET AL**   :   CASE NO.  2:21-CV-00364

**VERSUS**   :   JUDGE JAMES D. CAIN, JR.

**SCOTTSDALE INSURANCE CO**   :   MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment to Dismiss Plaintiff's LA. R.S. 22:1973 Claims" (Doc. 34) filed by Scottsdale Insurance Co. ("Scottsdale").

## FACTUAL STATEMENT

This lawsuit involves claims by Rutledge for damage to its property as a result of Hurricanes Laura and Delta. The Rutledge property is insured by Scottsdale.[1] The following is an undisputed relevant timeline:

- August 27, 2020 – Hurricane Laura struck;
- August 29, 2020 – Scottsdale makes initial contact with insured;[2]
- September 3, 2020 – Scottsdale issues $5,000 advance payment;[3]
- September 7, 2020 – Scottsdale retains AllCat Service (Scottsdale adjuster);[4]
- September 13, 2020 – Scottsdale receives AllCat report. Scottsdale adjusts the estimate to accurately apply Rutledge's policy coverages;[5]

---

[1] Defendant's exhibit A.
[2] Defendant's exhibit C, SIC Activity Log, SIC_2252-2254.
[3] *Id*. SIC_2252.
[4] *Id.*
[5] *Id.*, SIC_2251.

- October 5, 2020 – Rutledge submits a "budget estimate" from its contractor with no supporting documentation for $518,415.;[6]

- October 7, 2020 – Scottsdale retains a structural engineer to inspect potential structural damage;[7]

- October 9, 2020 – Scottsdale advises Rutledge that there are disputes between the contractor and the AllCat estimate, and that Scottsdale will issue payment on the undisputed claim.[8]

- October 12, 2020 – Scottsdale issues payment of $175,513, which represented the undisputed actual cash value less the deductible (of $10,508) and prior payment (of $5,000).[9] This payment was made within 30 days of AllCat estimate.

- November 6, 2020 – Scottsdale contacted Rutledge's contractor to resolve difference in estimates.[10]

- December 18, 2020 – Scottsdale reviewed structural engineer report and supporting documents provided by the contractor for roof work. Scottsdale updated its estimate based on the new information.[11]

- December 22, 2020 – Scottsdale issued supplemental payment of $98,378.73.[12] This payment was made within 30 days of receipt of the engineer report.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a

---

[6] *Id.*, SIC_2245; Plaintiff's exhibit A attached to Opposition to Motion for partial Summary Judgment [Doc. 34], Doc. 39-2
[7] *Id.,* SIC_2247.
[8] *Id.,* SIC_2245-2246.
[9] *Id.*
[10] *Id.*, SIC_ 2242-2243.
[11] *Id.,* SIC_2240, 2260 and Doc. 33, Exhibit I, Scottsdale estimate, SIC_0671-0693.
[12] Doc. 33, Defendant's exhibit F, SIC, Activity Log, SIC_2524.

genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Scottsdale moves to dismiss any claims asserted by Plaintiff pursuant to Louisiana Revised Statute 22:1973. Scottsdale maintains that Plaintiff cannot prove it suffered any

actual damage caused by the alleged breach, and thus Plaintiff cannot establish penalties under the statute.

Plaintiff argues that Scottsdale's untimely tender of payments caused it an inconvenience. Plaintiff asserts that a reasonable jury could certainly consider Scottsdale's original estimate and payments which were considerably less than Scottsdale's outside adjuster's (SED Services) estimate, and conclude that the original underestimate was more a negotiating position than a fair estimate.

Scottsdale points out that Plaintiff has failed to present any competent evidence to demonstrate that it: (1) suffered any actual damages; or (2) that any damages suffered were caused by an act or omission of Scottsdale. Scottsdale maintains that it is entitled to a partial summary judgment dismissing Plaintiff's claims for actual damages under Louisiana Revised Statute 22:1973.

Plaintiff has the burden of proving that it suffered damage caused by Scottsdale's conduct. As noted by Scottsdale, Plaintiff has failed to submit any summary judgment evidence that any action of Scottsdale caused actual damages, and in the absence of actual damages, a maximum of $5,000 in penalties is available per the discretion of the Court if an insurer breaches it duty of good faith and fair dealing.

Scottsdale maintains that Plaintiff has failed to present evidence that Scottsdale breach any of its duties to Plaintiff. The Court finds that the issue as to whether or not Scottsdale breached its duty of good faith and fair dealing to Plaintiff shall be deferred until the trial of this matter. However, the Court further finds that Plaintiff has failed to show that it suffered damage caused by Scottsdale's conduct.

## CONCLUSION

For the reasons set forth herein, the Court will grant in part and deny in part, Scottsdale's Motion for Partial Summary Judgment to Dismiss Plaintiff's LA. R.S. 22:1973 Claims (Doc. 34). The motion will be granted to the extent that Plaintiff's claims for contractual damages pursuant to Louisiana Revised Statute 22:1973 will be dismissed, and Scottsdale's motion to dismiss Plaintiff's claims for a maximum penalty of $5,000 pursuant to Louisiana Revised Statute 22:1973 will be deferred until the trial of this matter.

**THUS DONE AND SIGNED** in Chambers this 26th day of August, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**